HANNAH WHITAKER, ETC., *v.* THOS. CLARK'S ADM'R.

**Husband and Wife—Real Estate—Mortgage by Wife.**

Under Act Feb. 13, 1866, entitled "An act to amend § 17, art. 4, ch. 47, R. S.," a wife to whose sole and separate use land has been transferred may mortgage the land by joining with her husband, and thereby render the land liable for his debts.

APPEAL FROM HARRISON CIRCUIT COURT.

September 13, 1873.

OPINION BY JUDGE PETERS:

The land sought to be sold by a foreclosure of the mortgage set forth in the petition was not devised to Mrs. Whitaker, nor does she claim it under a conveyance, but when she joined her husband in the mortgage she held it under an executory contract with S. F. Tebbs, who had not himself the legal title to the land, but as the writing which he executed to her recites that for and in consideration of $1,200 to him in hand paid and $1,500 to be paid the 1st day of January, 1866, with interest from date, and for which Mrs. Hannah Whitaker had executed to him her note, he transferred to her sole and separate use all of his interest in said land, and authorized the master commissioner of the Harrison Circuit Court to convey

that part of the tract not conveyed to Lebus to Mrs. Whitaker's sole and separate use. He retained a lien on the land for the unpaid purchase money, and in the conveyance to be made to her by the master, she was to have secured to her the authority to sell and dispose of said land without his further consent.

No conveyance whatever seems to have been made to her by the master commissioner of the Harrison Circuit Court.

The land had neither been devised nor conveyed to her separate use, and is not therefore embraced by the 17th Section of Article 4, Chapter 47, of the Revised Statutes, consequently she is not prohibited by said section from alienating such estate as she acquired by the obligation of Tebbs. But even if that obligation should be considered as within the spirit and meaning of said section, still the power of alienating the estate is secured to her in said instrument under which she asked by joining her husband in the mortgage she subjected the land to the payment of the debt therein mentioned. Such alienation is authorized by an act approved February 13, 1866, entitled "An act to amend Section 17, Article 4, of Chapter 47 of the Revised Statutes;" title Husband and Wife, Myer's Supp. 728.

Wherefore the judgment is *affirmed*.

*Trimble, for appellants.*

*E. H. Smith, J. Q. Ward, for appellees.*